UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BARRA,<br><br>                         Plaintiff,<br><br>          v.<br><br>CITY OF KERMAN, CHIEF OF POLICE<br>WILLIAM NEWMAN, OFFICER RONALD<br>GAXIOLA individually and in his<br>official capacity, OFFICER TOM<br>CHAPMAN individually and in his<br>official capacity, OFFICER GURDEEP<br>DEOL individually and in his<br>official capacity, and DOES 1<br>through 100, inclusive,<br><br>                         Defendants. | 1:08-CV-01909-OWW-GSA<br><br>MEMORANDUM DECISION AND<br>ORDER RE DEFENDANTS' RULE<br>12(b)(6) MOTION TO DISMISS |

## I.   INTRODUCTION

Before the court is a motion to dismiss under Rule 12(b)(6) brought collectively by Defendants City of Kerman, Chief of Police William Newton, Officer Ronald Gaxiola, Officer Tom Chapman, and Officer Gurdeep Deol ("Defendants").  Defendants contend that the single claim in the federal complaint of Daniel Barra ("Plaintiff") is barred by virtue of res judicata because Plaintiff brought the same claim in state court and Defendants have already obtained summary judgment on that claim (and others).  Defendants request attorney's fees and costs in bringing this motion as well as Rule 11 sanctions against Plaintiff because he filed duplicative litigation.

The following background facts are taken from the parties' submissions in connection with the motion and Plaintiff's federal complaint.

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.   **BACKGROUND**

### A. State-Court Complaint

In July 2007, Plaintiff filed an eight-count, state-court complaint against the City of Kerman, the Kerman City Police Department, Chief Newton, and officers Gaxiola, Chapman and Deol.[1] The second through eighth count asserted state law claims for false arrest and imprisonment, interference with civil rights under various provisions of the California Civil Code (including §§ 43, 51 and 52.1), intentional infliction of emotional distress, negligence per se, negligent infliction of emotional distress, assault and battery, and negligence.  Notably, the first count in the state-court complaint asserts a federal claim under 42 U.S.C. § 1983 for an alleged violation of the Fourth and Fourteenth Amendments.

### 1.   Plaintiff's § 1983 Claim — Fourth And Fourteenth Amendment

With respect to his § 1983 claim, Plaintiff's state-court complaint alleges that on December 10, 2006, defendants Deol, Gaxiola and Chapman arrived at Plaintiff's apartment located at 150 S. First Street, Kerman California.  The police were responding to a report from a neighbor that someone broke a window at Plaintiff's address.

Plaintiff arrived at the scene on foot and spoke with the officers.  The officers informed Plaintiff of the neighbor's report, and confirmed that the window appeared broken.  Plaintiff

---

[1] In his state-court complaint, it appears Plaintiff misspelled Chief Newton's name as Chief "Newman" and Officer Deol's name as "Deo."  Deol's name is corrected in Plaintiff's federal complaint but Newton remains misspelled as "Newman."

requested that the officers enter his apartment to conduct a search for the possible perpetrator(s).   Gaxiola and Deol entered the apartment and conducted a search.   They did not find any individual inside.

 After the search, the officers required Plaintiff to verify that he was a resident of the apartment.   Plaintiff entered the apartment with an officer and retrieved a bank statement with his name on it.   Upon exiting his apartment, Plaintiff locked the door behind him.   Deol, however, requested that Plaintiff reopen his door so that Deol could reenter and remove drug paraphernalia on the kitchen table.   Plaintiff refused.   Deol accused Plaintiff of breaking his own window and began to interrogate Plaintiff regarding his whereabouts just prior to arriving on foot. Plaintiff denied breaking his own window and provided the requested information.   The officers again demanded that Plaintiff unlock his door so they could retrieve the drug paraphernalia.   Plaintiff again refused.

 At some point during the encounter, Plaintiff placed his hands behind his back so that he could be cuffed.   An officer, however, placed a choke hold on Plaintiff and a struggle ensued.   Deol yelled out that Plaintiff was fighting, and an officer tasered Plaintiff several times.   Plaintiff was arrested and taken to the Kerman Police Station.   Officer Deol later transported Plaintiff to the Fresno County Jail where he was booked and incarcerated for approximately five hours and then released.

 A few months later, on January 3, 2007, Deol stopped Plaintiff's vehicle and issued a ticket for excessive window tint. On or about February 10, 2007, the Kerman City Police arrested

**3**

1  Plaintiff for disturbing the peace, criminal threat, and attempted
2  burglary.  No criminal complaint followed.

3      On March 22, 2007, Officer Ruiz (not a named defendant)
4  appeared at Plaintiff's apartment and served him with a Thirty Day
5  Notice of Termination of Tenancy.  An employee who worked for the
6  apartment complex apologized to Plaintiff and informed Plaintiff
7  that it was not their decision to evict him.  Plaintiff was not
8  delinquent in rent.  Plaintiff vacated the premises as requested in
9  the Notice of Termination.

10      In his § 1983 count, Plaintiff alleged that Gaxiola, Deol,
11  Chapman and the Kerman City Police Department violated his "Fourth
12  and Fourteenth Amendment" right to be free from unreasonable
13  searches and seizures, and his right under the Fourth and
14  Fourteenth Amendment "to be secured in [his] person, to be free
15  from the use of unjustified force, to be from summary punishment
16  without due process, and to equal protection of the laws."[2]

17      While the bulk of Plaintiff's § 1983 count is based on his
18  arrest and the associated tasering on December 10, 2006, it is not
19  clear to what extent the other events are asserted as a basis for
20  liability (as Plaintiff did not clearly specify in his complaint
21  which events are associated with which alleged constitutional
22  deprivations).

23  B.    Summary Judgment In State Court And Subsequent Appeal

24      As reflected in a tentative ruling by Judge Alan Simpson of
25  the Fresno County Superior Court, Defendants in the state-court

26  _____

27      [2] Within his § 1983 claim, Plaintiff also alleged violations
   of California Civil Code § 43 and § 52.1.
28

**4**

action filed a motion for summary judgment as to each cause of action in Plaintiff's eight-count complaint, including the cause of action under § 1983.  Judge Simpson tentatively ruled on November 14, 2008, to grant the motion for summary judgment in its entirety.

As reflected in a "Judgment" dated December 1, 2008, Judge Simpson granted the motion for summary judgment on November 18, 2008.  In the "Judgment," Judge Simpson ordered that "Plaintiff, Daniel Barra, shall take nothing and that [Defendants] will take nothing for attorney's fees and costs."

On January 16, 2009, Plaintiff filed a notice with the Fresno County Superior Court that he was appealing the grant of summary judgment.  At present, the appeal remains pending.

C.    Plaintiff's Federal Complaint

After Judge Simpson's grant of summary judgment but before Plaintiff filed his notice of appeal, Plaintiff filed a one-count federal complaint.  The "First Cause of Action" in the federal complaint, which is the only cause of action alleged, is a claim under § 1983 for an alleged violation of the Fourth and Fourteenth Amendments.  The asserted factual basis for the claim is the same as that alleged in the state-court complaint.  Many of the allegations are word-for-word identical to the allegations in the state-court complaint.

### III.    STANDARD OF DECISION

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss can be made on the ground that the complaint fails "to state a claim upon which relief can be granted." Ordinarily, the defense of res judicata, like other affirmative defenses, cannot be raised by a motion to dismiss under Rule

12(b)(6). *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994). However, when, as here, the defense does not raise disputed issues of fact, res judicata can be asserted in a motion to dismiss. *Id.*; *see also Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048 (9th Cir. 2007) (analyzing a res judicata defense raised in a 12(b)(6) motion and affirming the district court's dismissal on res judicata grounds).

In ruling on a motion to dismiss, a district court may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court "make take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Intri-Plex Technologies*, 499 F.3d at 1052.

Plaintiff's state-court complaint, Judge Simpson's tentative ruling and subsequent "Judgment," and Plaintiff's notice of appeal are matters of public record that can be judicially noticed.[3] They will be considered without converting the motion into one for summary judgment.

## IV. DISCUSSION AND ANALYSIS

A.    Res Judicata

Invoking the defense of res judicata (or claim preclusion), Defendants argue that Judge Simpson's grant of summary judgment on

---

[3] These documents are attached as exhibits to the declarations of counsel submitted in connection with this motion.

Plaintiff's § 1983 claim precludes Plaintiff from asserting that same claim in Plaintiff's federal complaint.  Plaintiff does not dispute that the § 1983 claim alleged in his state-court complaint is identical to the § 1983 claim alleged in his federal complaint.

"To determine the preclusive effect of a state court judgment, federal courts look to state law." *Intri-Plex Technologies*, 499 F.3d at 1052.  Accordingly, the state law elements of res judicata apply. *Id.; see also* 28 U.S.C. § 1738 (requiring federal courts to give the "same full faith and credit" to judgments of state courts "as they have by law or usage in courts of such State").

Under California law, res judicata "precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." *Rice v. Crow*, 81 Cal. App. 4th 725, 734 (2000) (internal quotation marks omitted); *see also Intri-Plex Technologies*, 499 F.3d at 1052.  To invoke the doctrine of res judicata several preconditions must be met:

> "there must have been a prior adjudication of the same cause of action; the prior adjudication must have resulted in a valid judgment on the merits; that judgment must be final; and the party against whom the bar is asserted must have been a party, or in privity with a party, to the first proceeding."

*Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 531 (2008) (internal citations, emphasis and quotation marks omitted).

In opposition, Plaintiff does not dispute that the same cause of action is involved, that Judge Simpson's grant of summary judgment is a valid judgment on the merits, or that he is a party to the state-court lawsuit.  Rather, citing *People ex. rel. Gow v. Mitchell Bros.' Santa Ana Theater*, 101 Cal. App. 3d 296, 306 (1980), Plaintiff argues that, under California law, Judge

1   Simpson's grant of summary judgment is not a "final" judgment for

2   res judicata purposes.   Plaintiff is correct.

3        As stated in *Mitchell Bros.' Santa Ana Theater*, for of res

4   judicata purposes in state court, "[a] judgment is not final while

5   an appeal therefrom is pending." *Id*.   The Ninth Circuit recognizes

6   that, under California law, a grant of summary judgment is not

7   final and not entitled to "preclusive effect until appeals [are]

8   exhausted." *In re Lumbermans Mortgage Co. v. Secured Inv. of*

9   *Marysville, Ltd.*, 712 F.2d 1334, 1335 (9th Cir. 1983) (citing

10  *Mitchell Bros.' Santa Ana Theater*, 101 Cal. App. 3d at 306).

11       Here, Plaintiff has filed a notice of appeal and the appeal

12  remains pending.[4]   Accordingly, Judge Simpson's grant of summary

13  judgment is not a "final" judgment entitled to preclusive effect.

14  Defendants' res judicata argument lacks merit.

15       Notwithstanding the California law on point, Defendants argue

16  that California law conflicts with federal law on the preclusive

17  effect of summary judgment orders, and instead of California law,

18

19

20       [4]   Both parties represent that the appeal is pending.   To
    substantiate this, Plaintiff submits a written notice dated April
21  30, 2009, issued by the California Court of Appeal, Fifth Appellate
    District, which states that the "original record on appeal has been
22  filed this date [April 30, 2009]" and that "appellant's opening
    brief is due for filing within 30 days."   The electronic docket or
23  Register of Actions for Plaintiff's appeal is available on the
    California Court's website.   The electronic docket is found at
24  http://appellatecases.courtinfo.ca.gov/search.cfm?dist=5 and then
    by typing in the case number 07CECG02419 (as taken from Plaintiff's
25  state-court complaint).   The electronic docket shows that the
    written notice from the Court of Appeal dated April 30, 2009, has
26  been docketed.   As a matter of public record on the docket, the
    April 30, 2009, written notice can be judicially noticed.   The
27  written notice substantiates that the appeal remains pending.

28

1    the federal law can and should be applied here to give preclusive

2    effect to Judge Simpson's grant of summary judgment.   Defendants

3    suggest that under federal law, a grant of summary judgment is

4    entitled to preclusive effect even when an appeal is pending from

5    that  judgment.   Even  assuming  Defendants  have  accurately

6    represented the federal law on the preclusive effect of grants of

7    summary judgment, California law controls with respect to the

8    preclusive effect of a California state-court judgment.

9         "Under 28 U.S.C. § 1738, federal courts must give 'full faith

10   and credit' to judgments of state courts. Section 1738 *does not*

11   *allow federal courts to employ their own preclusion rules* in

12   determining the preclusive effect of state judgments.   Rather, it

13   . . . commands a federal court to accept the rules chosen by the

14   State from which the judgment is taken." *Noel v. Hall*, 341 F.3d

15   1148, 1166 (9th Cir. 2003) (emphasis added) (internal quotation

16   marks omitted). "[A] federal court gives no greater preclusive

17   effect to a state-court judgment than the state court itself would

18   do." *Johnson v. De Grandy*, 512 U.S. 997, 1005 (1994).  Accordingly,

19   the preclusive effect of Judge Simpson's grant of summary judgment

20   is determined by California law. *See Kay v. City of Ranchos Palos*

21   *Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) ("[T]o determine the

22   preclusive effect of the California state court decision, we apply

23   California law."); *see also Intri-Plex Technologies*, 499 F.3d at

24   1052. Under California law, Judge Simpson's grant of summary

25   judgment is not entitled to preclusive effect while an appeal from

26   that judgment remains pending.

27        Defendants motion to dismiss on the ground of res judicata is

28   DENIED.

**9**

**B.   *Younger* Abstention**

In their *reply* brief, Defendants argue that even if res judicata does not bar Plaintiff's federal complaint, the *Younger* doctrine applies and this court should "dismiss" Plaintiff's complaint under *Younger*. *See Younger v. Harris*, 401 U.S. 37 (1971).

A district court can, in its discretion, decline to consider arguments raised for the first time in a reply brief. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1140 (9th Cir. 2008). Considering that abstention under *Younger* can be raised *sua sponte*, *San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998), it is appropriate to entertain Defendants' *Younger* argument.

Citing *San Remo Hotel,* Defendants argue three elements must be satisfied in order to invoke *Younger* abstention.   This is inaccurate.   More recent Ninth Circuit authority delineates *four* necessary elements.   *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

A district court should abstain under *Younger* when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; . . . (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims;" *and* (4) the federal action "would enjoin, or have the practical effect of enjoining, [the] ongoing state court proceedings." *Roden*, 495 F.3d at 1149 (internal quotation marks omitted); *see also Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).   It is the "vital and indispensable" fourth element, *Roden*, 495 F.3d at 1149, which Defendants omit from their briefing. For *Younger* to apply, all four requirements must be "strictly

1  satisfied." *Id.*

2      Defendants have not established that *Younger* abstention is
3  warranted.  The second and fourth elements have not been strictly
4  satisfied. As to the second element, the "importance of the
5  [state's] interest is measured by considering its significance
6  broadly, rather than by focusing on the state's interest in the
7  resolution of an individual case." *Roden*, 495 F.3d at 1150
8  (alteration in original) (internal quotation marks omitted); *see*,
9  *e.g.*, *Champion Int'l Corp. v. Brown*, 731 F.2d 1406, 1408 (9th Cir.
10 1984) ("Here the appellant challenges only one . . . order, not the
11 whole procedure. This is not a substantial enough interference with
12 Montana's   administrative   and   judicial   processes   to   justify
13 abstention.").

14     Defendants argue that there are "numerous [s]tate [c]laims" in
15 the pending state case "making it important to the State's
16 [i]nterest."  This is not sufficient.  The requisite state interest
17 for *Younger* purposes must be broader than an interest in the
18 resolution of an individual case. And "neither California's
19 interest in enforcement of a single state court judgment nor its
20 interest in judicial efficiency is sufficiently important to
21 satisfy *Younger's* second threshold element." *Roden*, 495 F.3d at
22 1150.  Defendants have not demonstrated that the second element is
23 satisfied.

24     With respect to the fourth element, "abstention is only
25 appropriate in the narrow category of circumstances in which the
26 federal court action would actually enjoin the [ongoing state]
27 proceeding, or have the practical effect of doing so." *Roden*, 495
28 F.3d at 1151 (alteration in original) (internal quotation marks

omitted).  Defendants contend that a failure to abstain "may result in inconsistent decisions and thwart the judicial process as a whole."  This argument is unpersuasive.

For several reasons, the possibility of inconsistent decisions is not enough for *Younger* abstention.  First, if the risk of "inconsistent decisions" materialized and inconsistent decisions were rendered, this would mean that the federal action had *no* effect on, let alone the practical effect of enjoining, the state court action.  Second, the mere *risk* of inconsistent decisions does not, by itself, actually interfere with the state court proceedings or have the practical effect of doing so.  Third, the risk of inconsistent decisions can be easily avoided through application of res judicata or collateral estoppel.

"[T]he possibility of a race to judgment is inherent in a system of dual sovereigns and, in the absence of exceptional circumstances . . . that possibility alone is insufficient to overcome the weighty interest in the federal courts exercising their jurisdiction over cases properly before them." *Roden*, 495 F.3d at 1151 (internal quotation marks omitted).  A system of dual sovereigns and concurrent jurisdiction creates the possibility of duplicative litigation, and "any time duplicative litigation exists, the possibility of inconsistent judgments also exists." *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002) (emphasis removed).  However, the "problem of inconsistent judgments can be obviated through a plea of *res judicata* should one court render judgment before the other." *Id*.

With respect to "thwart[ing] the judicial process as a whole," even where duplicative litigation exists, state court proceedings

are not enjoined, or effectively enjoined, by parallel federal proceedings where, as here, only damages are at issue in the federal proceedings.  In such a case, the state court proceedings remain "free to continue simultaneously with the federal suit." *Roden*, 495 F.3d at 1152.  There is no "thwarting of the judicial process" when both proceedings can continue simultaneously.  Instead, the parties will "simply be[] bound" under res judicata or collateral estoppel by whichever court reaches a final decision first. *Id.*  As the Ninth Circuit recognizes:

> Although abstention to avoid concurrent, duplicative litigation is available in some very limited circumstances, – in particular, when the requested relief in federal court is declaratory judgment [which is not the case here] – the general rule remains that stated in *Kline* [*v. Burke Construction Co.*, 260 U.S. 226, 230 (1922)]:
>
>> Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res [judicata and collateral estoppel] by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case.

*Roden*, 495 F.3d at 1151-52 (third alteration in original).  Plaintiff's federal complaint seeks only damages (not declaratory relief) and the general rule in *Kline* applies.

Defendants do not strictly satisfy the second and fourth *Younger* elements.  Accordingly, *Younger* abstention is unwarranted.

Even assuming, *arguendo*, that *Younger* applies in this case, Plaintiff's requested remedy of "dismissal" is inappropriate.  Plaintiff's federal complaint seeks only *damages*.  When *Younger*

applies, "federal courts should *not* dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968 (emphasis added).

For the foregoing reasons, *Younger* abstention is inapplicable and does not warrant dismissal in any event.

C.   <u>Other Abstention Doctrines</u>

Defendants have not specifically argued that other abstention doctrines apply besides *Younger*.  In particular, Defendants have not discussed whether abstention under *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), is appropriate.  Nevertheless, abstention under *Colorado River* can be raised *sua sponte*.  *See Atchison, Topeka & Sante Fe Ry. Co. v. Bd. of Equalization*, 795 F.2d 1442, 1447 (9th Cir. 1986) (*vacated on other grounds*, 828 F.2d 9 (9th Cir. 1987)).

"Under *Colorado River*, considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter." *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (internal citation and quotation marks omitted).

During the hearing on Defendants' motion to dismiss, the court raised the issue of whether a stay under *Colorado River* may be warranted.  Plaintiff's counsel, on the record, agreed to stay this federal lawsuit until the state court appeal is resolved. Defendants' counsel indicated her consent to the same.

14

**V.  CONCLUSION**

Defendants' motion to dismiss on the ground of res judicata is DENIED.  Defendants' request for attorney's fees and costs associated with bringing their motion to dismiss on the ground of res judicata is DENIED as it is Defendants who misunderstood the law.  Sanctions under Rule 11 are not warranted.  This lawsuit is STAYED pending resolution of the state court appeal.

IT IS SO ORDERED.

**Dated:    June 8, 2009           /s/ Oliver W. Wanger**
                                UNITED STATES DISTRICT JUDGE